UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>                          Plaintiff(s),<br><br>       v.<br><br>CONSTRUCTION SERVICES UNLIMITED, et al.,<br><br>                          Defendant(s). | Case No. 2:15-CV-1592 JCM (GWF)<br><br>AMENDED ORDER |

Presently before the court are plaintiff Employers Mutual Casualty Company's ("EMCC") motion for a preliminary injunction (doc. # 6) and motion for the posting of collateral security. (Doc. # 5). Defendants Construction Services Unlimited ("CSU"), Global Development Group, LLC ("GDG"), Michael Froelich, and Barbara Froelich, each of which or whom have been served (*see* doc. ## 9–12), have not filed a response. The time for doing so has passed.

**I.    Background**

This matter arises from CSU's failure to perform obligations under a construction payment and performance bond issued by EMC on behalf of CSU. On January 22, 2014, EMCC as surety issued faithful performance bond number S360819 and labor and material payment bond number S360819 with CSU named as principal and the Clark County Water Reclamation District ("CCWRD") as the obligee. The bond was issued in relation to a construction contract between CSU and CCWRD.

In consideration for the issuance of the bonds, and to induce EMCC to issue the bonds, defendants CSU, GDG, Michael Froelich, and Barbara Froelich executed an indemnity agreement. (Doc. # 5-4). The defendants agreed to indemnify EMCC against, among other things, any losses it may suffer as a result of making payments under the bond for any claim, demand, suit judgment, or expense executed by a third party under the bond. (*Id.* at p. 2, § 2).

**James C. Mahan**
**U.S. District Judge**

The same agreement includes provisions that obligate the defendants to post cash or collateral as a reserve under the bond upon demand for such by EMCC. (*Id.* at p. 4, § 11). Finally, the agreement requires the defendants to provide EMCC access to its books, records, and accounts upon demand by EMCC. (*Id.* at p. 4, § 9).

## II.     Legal Standard

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

## III.    Discussion

Defendants have not responded to the complaint, motion for preliminary injunction, or motion for the posting of collateral security, or otherwise appeared in this matter, despite having been properly served with each document. Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The court has nevertheless reviewed the pleadings and papers on file and considered the *Winter* factors under the serious question and slide scale test described in *Cottrell*. *See* 129 S. Ct. at 374–76; 632 F.3d at 1131. Having done so, the court finds that good cause appears for the granting of the preliminary injunction and motion for the posting of collateral security, as discussed below.

EMCC alleges claims for contractual indemnity, equitable indemnity, and *quia timet* against defendants. (*See generally* doc. # 1). It seeks declaratory relief, specific performance, and injunctive relief. (*Id.*). Plaintiff asserts the claims based on its rights under the performance bond

**James C. Mahan**
**U.S. District Judge**

- 2 -

and indemnity agreement described above. Plaintiff argues it is entitled to specific performance of the indemnity claims based on the collateral security provisions in the indemnity agreement.

On February 23, 2015, CCWRD terminated CSU under the construction contract between them. Prior to that on February 18, 2015, the Nevada State Contractor's board revoked CSU's general engineering license and resident and small commercial contractor's license for, among other things, failure to pay for materials or services. (Doc. # 5-19).

Various third-parties have asserted claims against the performance bond because CSU failed to pay them. (*See, e.g.*, doc. # 5-8). EMCC had paid $305,150.28 under the bonds at the time of filing of the motions. Another $137,000.00 in pending claims against the bond existed at the time of filing. EMCC had also incurred over $30,000.00 in legal fees and other expenses in connection with the claims against the bond. EMCC has paid or will pay over $450,000.00 in connection with the claims against the performance bond.

On May 12, 2015, EMCC demanded $450,000.00 collateral security from the defendants under the indemnity agreement. EMCC also requested access to certain records and documentation. The demand was sent by certified mail as required by the agreement, as well as by e-mail. As of the filing of the motions before the court, no defendant had posted the collateral, supplied the requested information, or responded substantively to the demands. The construction contract underlying the bond was subsequently awarded to another contractor, who has taken over the project.

The indemnity agreement is an enforceable, legal contract providing for protection of the indemnitee, here EMCC. *See Transamerica Premier Ins. Co. v. Terry W. Nelson*, 110 Nev. 951 (Nev. 1994); *Travelers Cas. And Surety Co. of America v. Big Town Mechanical*, 2013 WL 5818601 (D. Nev. 2013) (enforcing collateral security provisions of indemnity agreement after finding them valid under Nevada law).

Furthermore, EMCC is entitled to specific performance of the provisions of the indemnity agreement that require the posting of collateral upon request by EMCC. *See, e.g.*, *Safeco Ins. Co. v. Schwab*, 749 F.2d 431, 433 (9th Cir. 1984); *Milwaukee Constr. Co. v. Glens Falls Ins. Co.*, 367 F.2d 964 (9th Cir. 1966). The collateral agreements were bargained for by EMCC to protect it from being placed in a position of a general creditor if defendants become insolvent, in which case it would suffer losses from the claims against the bond. *See Safeco*, 739 F.2d at 433. If collateral is not posted and defendants experience insolvency, EMCC will have only the rights of a general

James C. Mahan
U.S. District Judge

- 3 -

creditor at law, which are inadequate to protect its right to indemnification under the collateral security provisions. *Id.*; *Cf. Aronoff v. Katleman*, 75 Nev. 424 (Nev. 1959).

EMCC has demonstrated that it has paid over $300,000.00 in claims against the bond, is likely to pay over $100,000.00 more in additional claims, and has incurred substantial costs in connection with the claims. It has also shown it is entitled to indemnification for those amounts by defendants. Finally, it has shown it is entitled to the posting of collateral for the amount upon request, as well as certain information and documentation. EMCC made demand for such, but defendants have not honored their obligations. EMCC is thus entitled to the posting of collateral and production of records and other documentation by defendants.

The court finds therefore that a likelihood of success on the merits exists. *See Winter*, 129 S. Ct. at 374–76. Plaintiff has also shown that defendants, who are subject to similar claims in other law suits, may or will take steps to conceal, remove, or dissipate its assets in an attempt to avoid obligations to EMCC, other sureties, and their general creditors.

If defendants were successful in such attempts, EMCC would have no adequate remedy at law to protect its collateral security rights under the indemnity agreement. The defendants are required to post collateral under the agreement to protect EMCC from being placed in the position of a general creditor. If they do not post such collateral and subsequently become insolvent, EMCC will suffer the losses the provisions are designed to avoid. EMCC has therefore established a likelihood of irreparable injury.

The balance of hardships weights in favor of plaintiff. The injunction enforces legal rights already held by EMCC, and does not create any new obligation on the part of defendants. Compelling defendant's compliance with its existing legal obligations does not create hardship, and defendants forwent their opportunity to argue other theories of hardship. On the other hand, absent an injunction, EMCC may lose its ability to enforce some or all of its indemnification rights.

Finally, public policy weighs in favor of granting the injunction. The public is not served by allowing indemnitors to disregard their indemnification obligations without consequence. If the courts did not enforce indemnification rights in the context of construction bonds, the public works bonding process would be undermined, impeding the progress of significant and important public works projects.

The *Winter* factors all weigh in favor of issuance of the preliminary injunction and the motion to compel the posting of collateral. *See Winter*, 129 S. Ct. at 374–76. Good cause

James C. Mahan
U.S. District Judge

- 4 -

appearing, the court will therefore grant plaintiff's motions and the preliminary relief requested therein.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Employers Mutual Casualty Company's motion for the posting of collateral (doc. # 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Employers Mutual Casualty Company's motion for preliminary injunction (doc. # 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Construction Services Unlimited; Global Development Group, LLC; Michael Froelich; and Barbara Froelich must immediately post collateral security in the amount of $450,000.00 with Employer Mutual Casualty Company.

IT IS FURTHER ORDERED that defendants Construction Services Unlimited; Global Development Group, LLC; Michael Froelich; and Barbara Froelich must provide Employers Mutual Casualty Company with immediate access to their books, records, and accounts.

IT IS FURTHER ORDERED that defendants Construction Services Unlimited; Global Development Group, LLC; Michael Froelich; and Barbara Froelich are prohibited and enjoined from selling, transferring, disposing of, encumbering, or liening their assets and property until collateral security in the amount of $450,000.00 is posted with Employer Mutual Casualty Company.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(c), plaintiff Employers Mutual Casualty Company shall post security in the amount of $5,000.00 to pay the costs and damages sustained by any party found to have been wrongfully enjoined or compelled under this order.

DATED April 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**